## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

I.H.E; V.H.E; MARIA ESPINOZA
AGUILAR; JAIME HERNANDEZ
OLIVARES;

         Plaintiffs

ALEJANDRO MAYORKAS, Secretary of the
Department of Homeland Security; UR
JADDOU, Director of U.S. Citizenship and
Immigration Services; UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES; MERRICK GARLAND, U.S.
Attorney General;

         Defendants.

Case No.: 1:23-cv-1062

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

Plaintiff, I.H.E., was the minor victim of a criminal sexual assault on a minor. Plaintiff

V.H.E. is her minor brother, and Plaintiffs Maria Espinoza Aguilar and Jaime Hernandez

Olivares are her parents. Plaintiffs reported the crime to the police and assisted with the

investigation. Plaintiff I.H.E. is eligible for U nonimmigrant status as the victim of a qualifying

crime and her brother and parents qualify as derivative family members. Plaintiffs applied for U

nonimmigrant status in January of 2022. At the time of filing this complaint, Plaintiffs have been

waiting over 22 months for the victim protections they are eligible for by law.

Plaintiffs bravely came forward, despite fear and tremendous personal risk, to cooperate

with law enforcement agencies to make their community and our country safer. Congress created

the U visa for this exact purpose, to make our communities safer by encouraging vulnerable

immigrant crime victims to speak out against criminals and be granted protection for their

assistance and suffering. Plaintiffs have bona fide applications for U nonimmigrant status

pending and have been waiting over 22 months without any glimpse at the protection guaranteed by congress.

Posted wait times – just to be placed on the waiting list or issued a bona fide determination – are now over five years. Is it reasonable for a certified crime victim who suffered substantial harm and worked with the police to keep their community safer to be waiting years without protection? "Arbitrary agency action becomes no less so by simple dint of repetition… [a]nd longstanding capriciousness receives no special exemption from the APA." *Judulang v. Holder*, 565 U.S. 42, 61 (2011). When agency action is wrong, it does not become right by mere repetition, and when an agency delays, that delay is not reasonable just because it affects all petitioners equally.

### INTRODUCTION

1.    Plaintiffs, by and through their attorney, respectfully submit this complaint to compel Defendants and those acting under them to take all appropriate action to guarantee Plaintiffs' rights as crime victims and derivative family members who have applied for U nonimmigrant visas ("U visas"). *See* 8 U.S.C. 1101(a)(15)(U).

2.    Plaintiffs have suffered substantial psychological or physical harm as a result of the crimes that minor Plaintiff I.H.E. experienced. They continue to suffer harm as they are left for years without the protections they are statutorily entitled to, due to unreasonable delays in the adjudication of their petitions and applications for employment authorization.

3.    Congress allocated 10,000 U visas per year under 8 U.S.C. § 1184(p)(2)(A), however demand far exceeds supply, and a waiting list was created to handle the demand. So as not to leave eligible petitioners without protection, the regulations mandate that petitioners who qualify and would receive a U visa but for the cap *must* be placed on a waiting list and granted deferred

action or parole. 8 C.F. R. § 214.14(d)(2). Individuals with deferred action qualify for employment authorization. *Id*.

4.   In addition to the waitlist determination and in further efforts to ensure crime victims would be protected, Congress enacted 8 U.S.C. § 1184(p)(6) which states, "[t]he Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title."

5.   In June of 2021, USCIS updated its Policy Manual to implement the Bona Fide Determination Process ("BFD" Process) described at 8 U.S.C. § 1184(p)(6). The procedure states that when USCIS receives an I-918 form, they will first determine whether the pending petition is bona fide. If the petition is not bona fide, the agency puts the application on the waitlist track. "If USCIS determines a principal petitioner and any other qualifying family members have a bona fide petition and warrant a favorable exercise of discretion, USCIS issued them BFD EADs and grants deferred action." *See* USCIS, POLICY MANUAL, Vol. 3, Part C, Ch. 5, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5. The Sixth Circuit found that the implementation of the BFD process did not moot Appellant's claim that USCIS had unreasonably delayed or withheld pre-waitlist work authorization under 8 U.S.C. § 1184(p)(6*). See Barrios Garcia v. U.S. Department of Homeland Security,* 25 F.4th 430, 440. (6th Cir. 2022).

6.   Plaintiffs properly filed bona fide petitions for U nonimmigrant status with Defendant U.S. Citizenship and Immigration Services ("USCIS") on January 26, 2022. 5 U.S.C. § 555(b) requires Defendants to determine Plaintiffs' eligibility for U Visas and adjudicate the applications for employment authorization within a reasonable period of time. Defendants have a non-discretionary duty to place U Visa petitioners on the waitlist if their petitions would be approved but for the statutory cap on visa numbers. 8 C.F.R. § 214.14(d)(2). Defendants also

have a non-discretionary duty to determine whether the applications are bona fide. Plaintiffs filed Form I-765 applications for employment authorization documents along with their U visa petitions.

7.     Plaintiffs have been waiting over 22 months for Defendants to determine their eligibility to be placed on the waitlist or issued a bona fide determination. Plaintiffs' petitions remain within the jurisdiction of Defendants, who have improperly withheld action for an unreasonable period of time, to the detriment of Plaintiffs.

8.     Defendants' failure to make a waitlist or bona fide determination is leaving Plaintiffs vulnerable to the threat of deportation and separation from family members and placing Plaintiffs at risk of further victimization in the community due to undocumented status.

9.     Defendants' failure to timely adjudicate the EAD applications filed by Plaintiffs is depriving Plaintiffs of the ability to lawfully support themselves and their family and limiting their access to mental health services necessary to recover from the trauma they experienced.

10.     Defendants' failure to make a bona fide determination, timely place Plaintiffs on the waitlist, or adjudicate their EAD applications, violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1184(p)(6); the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555 & 701; the regulations governing the waiting list, 8 C.F.R.§ 214.14(d)(2); and former 8 C.F.R. § 274.13a(d). Plaintiffs are entitled to relief under the APA, 5 U.S.C. §§ 555, 701-702, and 706; the Mandamus Act, 28 U.S.C. § 1361; and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## JURISDICTION AND VENUE

1.     This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the

Plaintiffs."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

2. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review Plaintiffs' complaint for declaratory a nd injunctive relief against federal agency). When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

3. 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate Plaintiffs' unreasonably delayed petitions, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361.

4. Furthermore, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of

Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]"

5.   Because adjudication of a properly filed U Visa petition is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kim v. USCIS,* 551 F.Supp.2d 1258 (D. Colo. 2008); *Liu v. Novak*, 509 F. Supp. 1, 5 (D.D.C. 2007) (holding that "the Court does have jurisdiction over Plaintiffs' APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008). Numerous federal district courts including this Court have ruled that adjudication of a properly filed application for immigration benefits, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, Bustos v. Mayorkas, Civ. No. 20-1348 KG/SMV, 2021 WL 3931173 (D.N.M. 2021)*("Without a statutory delegation to the Attorney General of discretionary authority to establish a timetable, USCIS regulatory decisions about the pace are not statutorily excluded from judicial review.")*; see also Tista v. Jaddou,* 577 F.Supp.3d 1219 (D.N.M. 2021); *Jones v. Gonzales,* 2007 WL 1810135, *1 (S.D. Fla. 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

6.   Both the regulations and the Immigration and Nationality Act provide numerous

examples of duties owed by USCIS in the adjudication of petitions for U nonimmigrant status. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The regulations regarding issuance of an EAD provide that "If the application is granted, the alien *shall* be notified of the decision and issued an employment authorization document valid for a specific period and subject to any terms and conditions as noted. If the application is denied, the applicant *shall* be notified in writing of the decision and the reasons for the denial." 8 C.F.R. § 274a.13(b)-(c)(emphasis added). "*All eligible petitioners* who, due solely to the cap, are not granted U-1 nonimmigrant status *must* be placed on a waiting list and receive written notice of such placement… USCIS *will* grant deferred action or parole to *U-1 petitioners and qualifying family members* while the U-1 petitioners are on the waiting list. 8 C.F. R. § 214.14(d)(2) (emphasis added).

7. The language of the statutes and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to place eligible petitioners and their derivative family members on the waiting list or issue a bona fide determination and adjudicate the employment authorization applications pending before them.

8. "The default rule is that agency actions are reviewable under federal question jurisdiction, pursuant to 28 U.S.C. § 1331… even if no statute specifically authorizes judicial review." *ANA Int'l, Inc. v. Way*, 393 F.3d 886, 890 (9th Cir. 2004) (citing *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 56-57 (1993)). Therefore, there is a strong presumption Congress intended to provide judicial review of administrative actions. *See Kucana v. Holder*, 558 U.S. 233, 251 (2010). The Sixth Circuit found jurisdiction over similar claims for unreasonable delay in U visa cases in *Barrios Garcia v. U.S. Department of Homeland Security,* 25 F.4th 430, 440.

(6th Cir. 2022).

9.  As set forth below, the delay of over 22 months in processing the Plaintiffs' properly filed petition for  U nonimmigrant status in order to make a wait list or bona fide determination and adjudicate the EAD applications is unreasonable.

10. Venue is proper in New Mexico pursuant to 28 U.S.C. §1391(e)(1)(C), which provides that a suit against federal officials acting in their official capacities may be brought in any judicial district where a Plaintiff in the action resides. Plaintiffs sue the Defendants in their official capacities as officers and employees of the United States. Plaintiffs reside in this District.

## STANDING

11. The Defendants have caused Plaintiffs to suffer harm or the invasion of a legally protected interest that is 1) concrete and particularized and 2) actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Plaintiffs have been denied a bona fide determination and placement on the waiting list, which provides deferred action and entitles them to adjudication of their pending EAD applications. This failure to act prevents them from legally obtaining employment, obtaining a valid social security number and driver's license, and leaves them at risk for deportation and family separation.

12. As a result of the crime Plaintiff I.H.E. was a victim of as a minor, Plaintiff suffers from mental health issues. The unreasonable delay in adjudication of Plaintiffs' petitions is exacerbating these problems and leading to additional stress, fear, and financial harm. Without the EAD and deferred action/waitlist letters, Plaintiffs are unable to seek better employment opportunities, that would allow them to move to a safer location and ensure access proper medical and psychological services as Plaintiff I.H.E. continues to recover from the trauma she endured as a crime victim.

13. The Plaintiffs' actual, concrete, and particular injuries are directly tied to the Defendants' failure to timely adjudicate their EAD application and Defendants' failure to timely adjudicate Plaintiffs' cases for a bona fide determination or placement on the U visa waitlist.

14. Plaintiffs therefore have standing.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15. No exhaustion requirement applies to the Plaintiffs' complaint for a Writ of Mandamus. The Plaintiffs are owed a duty – the adjudication of the properly filed petitions for U nonimmigrant status and employment authorization, which have been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiffs' petition for over 22 months.

16. Plaintiffs have no other adequate remedy available for the harm they seek to redress – the failure of USCIS to make a bona fide determination or place them on the U visa waitlist in compliance with 8 C.F.R. 214.14(d)(2) and adjudicate their applications for employment authorization.

## **PARTIES**

17. Plaintiff I.H.E. is a foreign national residing in the U.S. She is a minor child and a certified crime victim who has filed a Petition for U nonimmigrant status along with an application for work authorization.

18. Plaintiff V.H.E. is the minor brother of Plaintiff I.H.E., who filed a Petition for U nonimmigrant derivative status along with an application for work authorization.

19. Plaintiffs Maria Espinoza Aguilar and Jaime Hernandez Olivares are the parents of Plaintiffs I.H.E. and V.H.E. and derivatives on I.H.E.'s application for U nonimmigrant status.

20. Defendant, Alejandro Mayorkas is the Secretary of the Department of Homeland Security (DHS). The Secretary of DHS is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens. He is sued in his official capacity only.

21. Defendant Ur Jaddou is the Director of United States Citizenship and Immigration Services (USCIS) of the DHS. The Director of USCIS is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a). She is sued in her official capacity only.

22. United States Citizenship and Immigration Services (USCIS) is an agency of the United States in charge of reviewing and adjudicating waiver applications such as Plaintiffs'.

23. Defendant Merrick Garland is the Attorney General of the United States. He is in charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for immigration benefits. He is sued in his official capacity only.

24. Defendants are in charge of the processing and adjudication of petitions for U nonimmigrant status and applications for employment authorization. They are sued in their official capacity only.

## **LEGAL FRAMEWORK**

Administrative Procedure Act ("APA"):

25. The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). To ensure that agencies comply with that provision, the APA specifies that a reviewing court "shall compel agency action unlawfully

withheld or unreasonably delayed." Id. § 706(1). Both the Sixth and Seventh Circuit have recognized that eligible U-Visa petitioners must be placed on the waiting list "within a reasonable time." *Calderon-Ramirez v. McCament*, 877 F.3d 272, 276 (7th Cir. 2017). *Barrios Garcia v. U.S. Department of Homeland Security,* 25 F.4th 430, 440. (6th Cir. 2022).  In deciding "whether the Plaintiffs' wait to have his U[-]visa petition reviewed [i]s unreasonable," courts consider: (1) the length of the delay, (2) "the backlog of petitions", and (3) the agency's "effort to reduce the backlog." *Calderon-Ramirez* at 276; see also *Haus v. Nielsen*, No. 17 C 4972, 2018 WL 1035870, at *4 (N.D. Ill. Feb. 23, 2018) (distilling these factors).

26. The U.S. District Court for the Northern District of California recently held that "budget constraints that limited personnel and resources assigned to an agency" do not "grant the agency carte blanche to repeatedly violate congressionally mandated deadlines." *Nightingale v. U.S. Citizenship and Immigration Services*, 19-cv-03512-WHO, *18 (N.D. Cal. 2020). The court further held that "Defendants cannot use a predictably increasing workload to excuse their chronic failure to make timely determinations…." *Id*. at *18.  Though this case was relating to FOIA requests, the same is true for U visa petitions.

U Nonimmigrant Status, INA § 101(a)(15)(U):

27. Congress created the U nonimmigrant status program to make communities safer by encouraging victims of crime without legal status to come forward and assist in the investigation or prosecution of criminal activity[1].

---

[1] *See Department of Homeland Security, U Visa Law Enforcement Resource Guide, available at* https://www.dhs.gov/sites/default/files/publications/19_0731_uscis_u-visa-law-enforcement-resource-guide.pdf.

28. DHS recognizes that immigrants without lawful status, especially women, can be especially vulnerable to criminal activity due to language barriers, separation from friends and family, lack of understanding of U.S. laws, fears of deportation, and other barriers. *Id.*

29. Foreign nationals who fall victim to certain serious crimes while in the U.S. may qualify for U nonimmigrant status under 8 U.S.C. § 1101(a)(15)(U). To qualify for this status, they must: (1) suffer substantial physical or mental abuse as the result of being the victim of a qualifying criminal activity; (2) possess credible and reliable information about the qualifying crime; (3) be helpful in the investigation or prosecution of that crime; (4) The crime must have occurred in or violated the laws of the U.S. *see* 8 C.F.R. 213.13(b).

30.        The law provides for derivative U visa status to certain close family members of the principal petitioner. *See* 8 U.S.C. § 1101(a)(15)(U)(ii).

Waitlist Determination:

31. Congress allocated 10,000 U Visas per year under 8 C.F.R. 214.14(d), however demand far exceeds supply, and a waiting list was created to handle the demand. This results in two separate waiting periods and two adjudications for each petitioner. The relevant rule states:

> **All eligible petitioners** who, due solely to the cap, are not granted U-1 nonimmigrant status **must** be placed on a waiting list and receive written notice of such placement. Priority on the waiting list will be determined by the date the petition was filed with the oldest petitions receiving the highest priority… USCIS **will** grant deferred action or parole to **U-1 petitioners and qualifying family members** while the U-1 petitioners are on the waiting list. USCIS, in its discretion, may authorize employment for such petitioners and qualifying family members. 8 C.F. R. § 214.14(d)(2) (emphasis added).

32. Although there is no explicit deadline for when U Visas must be adjudicated and petitioners placed on the wait list, the APA reasonableness standard still applies. *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999). After reviewing the merits of a U visa delay case with very similar facts, the District Court for the District of South Carolina granted

summary judgment to Plaintiffs. *See Solis v. Cissna*, 2019 WL 8219790 (D.S.C. 2019).

Additionally, several courts including the District Court for the District of New Mexico have

refused to dismiss claims based on unreasonable delay in processing U-Visa petitions. *See*

*Ramires v. Wolf*, 2020 WL 6146393 (D.N.M. 2020); *Bustos v. Mayorkas, Civ. No. 20-1348*

*KG/SMV, 2021 WL 3931173 (D.N.M. 2021Haus v. Nielsen*, No. 17 C 4972, 2018 WL 1035870

(N.D. Ill. 2018); *Urias v. Cissna*, No. 9:18-00093-MBS, 2018 WL 5014078 (D.S.C. 2018);

*Camarena v. Cuccinelli*, 2020 WL 550597 (N.D. Ill. 2020).

33. The District Court for the District of South Carolina found that "USCIS effectively if

unofficially completed the process of determining Plaintiffs' eligibility for the waiting list within

the first fifteen months of when Plaintiffs filed their respective petitions."  *Solis v. Cissna*, 2019

WL 8219790, *14 (D.S.C. 2019). The court also found that "lack of funds and resources alone is

not a sufficient explanation for the delay…" *Id*. Additionally, the court found that "USCIS has

not established adherence to its own rule of reason such that court-ordered action on Plaintiffs'

petitions would interfere with USCIS's other functions and activities." *Id.*

34. U visa derivatives are not subject to the 10,000 annual cap, which applied only to U-1

nonimmigrants (principal petitioners). *See* 8 C.F. R. § 214.14(d)(2). U visa derivatives must be

placed on the waitlist at the same time as the principal petitions. "USCIS *will* grant deferred

action or parole to U-1 petitioners *and qualifying family members* while the U-1 petitioners are

on the waiting list." *Id*. (emphasis added).

Employment Authorization

35. Congress recognized that work authorization is a critical safeguard for immigrant

victims of crime and mandated U visa recipients be granted a work permit. *See* 8 U.S.C.

1184(p)(3)(B) (Stating that the Attorney General "shall" provide individuals in lawful U Visa status with employment authorization).

36. After seeing that the number of meritorious petitions for U visas would exceed the annual cap on the status, Congress provided that USCIS "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status" under the U Visa provision. 8 U.S.C. § 1184(p)(6). The use of the words "pending" and "bona fide" show congressional intent for work authorization to be granted on applications made in good faith even while the underlying petition is undecided or awaiting a final decision. Though Congress used the language "may grant" USCIS still has the mandatory duty to adjudicate an application before it and cannot simply ignore congressional intent. *See Barrios Garcia v. U.S. Department of Homeland Security,* 25 F.4th 430, 445. (6th Cir. 2022). (Finding that Section 1184(p)(6) is not a wholly discretionary statute). *See also Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008). ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all.").

37. In enacting section 1184(p)(6), the bill's sponsors explained that U Visa petitions "**should not have to wait for up to a year** before they can support themselves and their families," emphasizing that the "Vermont Service Center should therefore strive to issue work authorization and deferred action in most instances within 60 days of filing, consistent with the need for safe and competent adjudication." 154 Cong. Rec. H10,888, 10,905 (daily ed. Dec. 10, 2008) (statement of Reps. Berman and Conyers)(emphasis added), 2008 WL 5169865.

38. In June of 2021, Defendants published policy guidance implementing 8 U.S.C. § 1184(p)(6) and detailing how bona fide determinations would be made. According to USCIS guidance, USCIS determines a principal petition is bona fide if the principal petitioner has

properly filed a complete Petition for U Nonimmigrant Status including all required initial

evidence. Required initial evidence includes a properly executed and unexpired Form I-918

Supplement B, a personal statement describing the facts of the victimization, and biometrics

allowing for background and security checks. *See* USCIS Policy Manual Volume 3, Part c,

Chapter 5.

39. Before January 2017 USCIS was obligated to adjudicate EAD applications within 90

days. *See* former 8 C.F.R. § 274a.13(d) (effective prior to January 2017)[2].  USCIS amended its

regulation and eliminated the 90-day deadline despite multiple public comments to the contrary.

40. For all EAD applications filed prior to January 2017, USCIS had a mandatory duty to

adjudicate within 90 days. If they failed to meet that deadline, they were required to issue interim

EADs. *Id*. Even though that explicit deadline no longer exists, the APA reasonableness standard

remains. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999). The fact that

previous regulations required adjudication within 90 days is an indicator of what constitutes a

reasonable amount of time necessary to adjudicate EAD applications, even if USCIS is no longer

required to issue interim EADs by that timeline.

## FACTUAL AND PROCEDURAL BACKGROUND

41. Plaintiffs properly applied for U nonimmigrant status or derivative status under INA

101(a)(15)(U)(i). Plaintiffs also properly filed Form I-765, application for employment

authorization. Applications were filed on January 26, 2022.  At the time of filing this complaint,

Plaintiffs have not received a bona fide determination, been placed on the waitlist, or received

adjudication of their EAD applications.

---

[2] On November 18, 2016, the Department of Homeland Security issued final rules eliminating this requirement. 81 Fed. Reg. 82,398, 82,491 (Nov. 18, 2016). Those rules became effective January 17, 2017, and so apply only to EAD applications filed on or after that date. *See id.* at 82398.

42. As a result of the delay in issuing a bona fide or waitlist determination, and the failure to adjudicate their EAD applications, Plaintiffs are suffering severe emotional and financial hardship and live in fear of deportation and family separation.

43. Defendant USCIS has not taken any significant steps to reduce the backlog in processing U Visa petitions. The steps they have taken have not led to any noticeable reduction in wait times. In July of 2016 when they began processing U visa petitions at the Nebraska Service Center. After beginning to process U visa petitions at the Nebraska Service Center, the wait time to be placed on the waiting list increased rather than decreased.

44. In June of 2021, Defendants finally implemented 8 U.S.C. § 1184(p)(6) into official policy and published guidance defining what constitutes a bona fide petition. Despite this updated guidance, the published wait times continue to increase. Current posted wait times to be issued either a bona fide notice or be placed on the wait list are 61 months.

45. In early 2023, Defendants announced the opening of the HART processing center to speed up processing times on humanitarian cases, however processing times have remained the same.

46. The backlog is leaving certified victims of serious crimes who would otherwise qualify for a U visa without any protections while they wait over five years for work authorization, just to wait years more for a visa to become available.

## CAUSES OF ACTION

## COUNT ONE

## DECLARATORY JUDGMENT

1.   The allegations contained in each of the preceding paragraphs are repeated and re-alleged as though fully set forth herein.

2.    Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

3.    Defendants in this case have failed to adjudicate Plaintiffs' petition for U nonimmigrant status and place them on the waitlist or issue a bona fide determination.  This failure to act is against the law, has caused, and continues to cause harm to Plaintiffs. Therefore, issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the APA is warranted.

## COUNT TWO

### VIOLATION OF 5 U.S.C. §§ 555, 702, 704, 706 (APA CLAIMS)

4.    The allegations contained in each of the preceding paragraphs are repeated and re-alleged as though fully set forth herein.

5.    The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. 555(b). To ensure that agencies comply with this provision, the APA provides that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. 706(1).

6.    Defendants have a nondiscretionary obligation to determine Plaintiffs' eligibility, place them on the waitlist if eligible, and grant them deferred action or parole. 8 C.F.R. § 214.14(d)(2).

7.    Defendants have a nondiscretionary obligation to determine if a U visa petition is bona fide.

8.    Defendants have a nondiscretionary obligation to adjudicate petitions for employment authorization.

9.   Defendants have a nondiscretionary obligation to make these determinations within a reasonable time. 5 U.S.C. § 706(1).

10. Plaintiffs have suffered a "legal wrong" or have been "adversely affected or aggrieved" by agency inaction. 5 U.S.C. § 702. Because of Defendants' inaction and unreasonable delay, Plaintiffs are suffering irreparable harm to their health and welfare, for which there is no other adequate remedy in court.  5 U.S.C. § 704.

11. Defendants' failure to make waiting-list eligibility determinations for those who would receive U nonimmigrant status but for the statutory cap violates 8 C.F.R. § 214.14(d)(2) and constitutes agency action unlawfully withheld in violation of the APA, 5 U.S.C. § 706(1).

12. The inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2).

**COUNT THREE**

**RELIEF UNDER THE MANDAMUS ACT**

13. The allegations contained in each of the preceding paragraphs are repeated and re-alleged as though fully set forth herein.

14. Plaintiffs have a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to Plaintiffs.  Defendants have failed to properly adjudicate Plaintiffs' petitions for a U visa, place them on the waitlist or issue a bona fide determination, and if eligible provide them with deferred action and adjudicate any properly filed application for employment authorization.

15. Issuance of a writ of mandamus is appropriate when the following requirements are satisfied: (i) the Plaintiffs have a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v.*

*Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that "the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). Plaintiffs clearly meet all three of these criteria.

16. Plaintiffs have fully complied with all of the statutory and regulatory requirements for seeking U nonimmigrant status, including submission of all necessary forms and supporting documents.

17. The Defendant USCIS has unreasonably failed to adjudicate the Plaintiffs' U Visa and EAD applications for over 22 months thereby depriving the Plaintiffs of their rights under 8 U.S.C. § 1255. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

18. The Defendants owe the Plaintiffs a duty to adjudicate their U visa petitions and employment authorization applications, pursuant to the statute and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation).

19. The Plaintiffs have no alternative means to obtain adjudication of their applications and their right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

20. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). Plaintiffs have already waited over 22 months for adjudication of their pending U Visa petitions and employment authorization applications, well beyond a reasonable period of time. This is an unacceptable and unreasonable delay.

21. Plaintiffs are entitled to action on their long-pending U Visa and employment authorization applications, because an unreasonable amount of time has passed since the applications were filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of Plaintiffs.

22. Defendants' delay is without justification and has forced the Plaintiffs to resort to this Court for relief, and the Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs prays that the Court grant the following relief:

A.  Assume jurisdiction over the matter;

B.  Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the U Visa petitions, placing Plaintiffs on the waiting list if eligible, issuing a bona fide determination, and adjudicating the employment authorization application is unlawful and contrary to law.

C.  Order Defendants and those working under them to immediately adjudicate Plaintiffs' pending petitions for issuance of a bona fide determination or placement on the U visa waiting list, grant deferred action if they qualify, and adjudicate their applications for employment authorization.

D.  Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, and 28 U.S.C. § 2412.

E.  Grant any and all further relief this Court deems just and proper.

Dated this 29th day of November 2023.

/s/ Heather Kryzak

Heather Kryzak
Vrapi Weeks, P.A.
5931 Jefferson St. NE, Suite A
Albuquerque, NM 87109
Direct Line: (505) 900-8940
Office Phone: (505) 352-6660
Fax: (505) 872-6120
hk@vrapiweeks.com
*Attorneys for Plaintiffs*